UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENNIS RAY YOUNG,

                Plaintiff,

v.                                                Case No. 14-2592-CM-JPO

ULTRA-CHEM, INC.,

                Defendant.

## **ORDER**

The *pro se* plaintiff, Dennis Ray Young, brings this lawsuit against the defendant, Ultra-Chem, Inc., for employment retaliation.[1] The case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendant's motion for an order requiring plaintiff to appear for deposition, for sanctions and for relief from the scheduling order. (ECF doc. 18). For the reasons discussed below, the motion is granted in part and denied in part.

Plaintiff filed his complaint on November 20, 2014. On January 26, 2015, this court entered a scheduling order that set June 15, 2015, as the discovery deadline.[2] On May 27, 2015, the defendant provided notice that the plaintiff would be deposed on June

---

[1] ECF doc. 1.

[2] ECF doc. 13.

3, 2015.³ Because plaintiff objected to being deposed at the defendant's counsel's office, arrangements were made for the deposition to take place at the United States District Courthouse in Kansas City, Kansas at 2:00 P.M..

Plaintiff arrived at the courthouse prior to the 2:00 P.M. start time and met the court reporter at the locked doors of the conference room as designated in the deposition notice. Defendant's counsel admits that he was late for the deposition, but claims that he arrived at 2:10. He claims that once he arrived, he met the court reporter who informed him that the plaintiff left at 2:03.⁴ Defendant's counsel states that the court reporter suggested that plaintiff wait at least 15 minutes for defendant's counsel, but that plaintiff left anyway.

Defendant's counsel stated that he attempted to call and email the plaintiff to ask him to return. At 2:46, plaintiff began an email correspondence with defendant's counsel in which the plaintiff refused to return to have his deposition taken.

In its motion, defendant's counsel "recognizes that his tardiness contributed to this situation and takes responsibility for his part therein and for this reason does not seek severe sanctions against the pro se plaintiff."⁵ Defendant's counsel also notes that he is

---

³ ECF doc. 17.

⁴ Defense counsel did not provide an affidavit from the court reporter, but simply relayed the events in his motion.

⁵ ECF doc. 18 at 2.

out of town June 8-12, and thus would need time past the scheduling order to take plaintiff's deposition.

The plaintiff responds that he arrived early and that defendant is at fault for being late.[6]  Plaintiff also argues that defendant waited until the end of the discovery to schedule his deposition and that the defendant should be held responsible for those decisions.

While the court understands plaintiff's position, the fact remains that it is important for the deposition to take place.  Although it is unfortunate that defense counsel was late, it is also unfortunate that plaintiff waited only a few minutes for the defense counsel to arrive.  As such, defendant's motion for an order requiring plaintiff to appear for deposition is granted.  Because defense counsel is out of town until June 12, it is ordered that the deposition take place the week of June 15 and no later than June 19, 2015.  The discovery deadline is modified for this purpose only.  Further, the proposed pretrial deadline of June 22, 2015, is now June 29, 2015.  The pretrial conference originally set for July 2, 2015, is now July 13, 2015 at 10:30 a.m. All other deadlines set forth in the scheduling order (ECF doc. 13), including the August 3, 2015, dispositive motion deadline and the March 17, 2016, trial shall remain the same.

---

[6] ECF doc. 19.

Defendant acknowledges that he was late for the deposition and that he is dealing with a *pro se* plaintiff.  For those reasons, the motion for sanctions is both unreasonable and denied.

IT IS THEREFORE ORDERED:

1. Defendant's motion for an order requiring plaintiff to appear for deposition, for sanctions and for relief from the scheduling order (ECF doc. 18) is granted in part and denied in part.

2. The parties shall bear their own expenses and attorney fees incurred in connection with this motion.

Dated June 9, 2015 at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                          James P. O'Hara
                                          U. S. Magistrate Judge